UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SAMUEL MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:16-cv-2534 AC P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 6, 9. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.; Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Currently before the court is plaintiff's first amended complaint. It alleges that defendant Scott Kernan, Secretary for the California Department of Corrections and Rehabilitation (CDCR), and Doe defendants A to Z, violated plaintiff's Fourth, Fifth, Sixth, Eight, and Fourteenth Amendment rights. ECF No. 5 at 2. Specifically, plaintiff alleges that prison officials, under the supervision of defendants, intercepted all his incoming and outgoing mail, isolated him inside of prison, denied him access to post-judgment courts, and sabotaged his efforts to appeal his conviction. Id. However, the bulk of plaintiff's factual allegations are unrelated to defendant Kernan or any other correctional personnel.

Plaintiff alleges that between 1984 and 1991, a group of both government and private attorneys carried out a criminal scheme against him. Id. at 2-7. Attorneys included Los Angeles Deputy District Attorneys Elliot Alhadeff and David D'ver, private divorce attorneys Jacqueline Fox and Susan Bouguise, and their "support groups."[1] Id. Plaintiff refers to these parties collectively as the Alhadef/Fox group (id., at 2, ¶ 7), and although they are not named defendants in the complaint, they will be treated as such for the purpose of screening since the bulk of the

---

[1] Plaintiff refers to the individuals he names as "LGBT all." ECF No. 5 at 2, ¶ 6. The term "support groups" is presumably a reference to LGBT advocacy groups or other, similar organizations.

3

complaint is made up of allegations against them.

Plaintiff asserts that between 1984 and 1991, the Alhadef/Fox group manipulated the outcome of his family court case in favor of his ex-wife; harassed him until he was forced to leave the state, causing him to lose his property; accused him of molesting his then three-year-old son; allegedly wiretapped his offices, telephones, and vehicles; had him incarcerated on what he asserts was a bogus warrant; and had him arrested and charged with murder and planted attorney Bruce C. Hill as counsel in order to sabotage his case. Id. at 2-6, ¶¶ 6-27. Plaintiff was ultimately convicted of the murder in 1991 in Los Angeles County Superior Court Case No. LA000079. Id. at 5-6, ¶¶ 22, 29. After his conviction, plaintiff was placed in the custody of the CDCR. Id. at 6, ¶ 29. At this point, Alhadeff/Fox instructed the CDCR to intercept his mail and prevent him from earning money, so he would be unable to hire an appellate attorney, and sabotaged his direct appeal. Id., ¶¶ 29-30.

    IV.    Failure to State a Claim

        A.  Statute of Limitations

Plaintiff alleges that the constitutional violations he suffered began in April 1984 and continued through 1991, after he was convicted of murder and through his direct appeal. Id. at 2-7 ¶¶ 6-31. A search of the California Supreme Court's online docketing system reveals that the direct appeal in plaintiff's criminal case was completed in April 1992.[2]

"For actions under 42 U.S.C § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted). At the time plaintiff's claims arose, the statute of limitations in California was one year, Cal. Civ. Proc. Code § 340 (1992); Jones, 393

---

[2] Case summary for California Supreme Court Case No. B057557 available at https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1757121&doc_no=S025339&request_token=NiIwLSIkTkw5WyApSyM9WE9IUFw0UDxbISNOSzlRICAgCg%3D%3D. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citation and internal quotation marks omitted)) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

4

F.3d at 927 (two-year statute of limitations went into effect in 2003), and "prisoners could toll claims for their entire sentence if less than life," Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citation omitted). In his complaint, plaintiff states that he was "falsely imprisoned for life" (ECF No. 5 at 7, ¶ 31), and the CDCR's inmate locator also indicates that plaintiff is serving a life sentence without the possibility of parole. Based on this information, plaintiff is ineligible for tolling due to his term of imprisonment, and the statute of limitations expired one year after his claims arose. Plaintiff initiated this action on October 17, 2016,[3] which is approximately thirty-two years after the alleged violations began and over twenty-four years after he concluded his direct appeal, making all of his claims extremely untimely.

The court further notes that even if plaintiff is entitled to tolling, his claims are still untimely. Although California law at the time the claims arose provided for tolling for the entirety of a plaintiff's incarceration, on January 1, 1995, section 352.1 of the California Civil Procedure Code went into effect, replacing the original tolling statute. Fink, 192 F.3d at 914. Under section 352.1, the statute of limitations is tolled for only two years on the basis of imprisonment. Id. For plaintiffs whose claims arose prior to January 1, 1995, the statute of limitations is "tolled for two years from accrual, or until January 1, 1995, whichever occurs later." Id. at 916 (citing TwoRivers v. Lewis, 174 F.3d 987, 995-96 (9th Cir. 1999)). Assuming the statute of limitations was tolled two years from the conclusion of plaintiff's direct appeal in April 1992, the one-year statute of limitations began to run in April 1994 and expired in April 1995. Accordingly, even if the court were to assume that plaintiff was entitled to an additional two years of statutory tolling, his complaint was filed well outside the statute of limitations. Therefore, plaintiff's claims are untimely and must be dismissed.

B. Defendant Kernan

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

---

[3] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

5

362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted)).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official "implement[s] a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Hansen, 885 F.2d at 646 (citations and internal quotations marks omitted).

The only individual who is named as a defendant in plaintiff's complaint is Scott Kernan, Secretary for the CDCR. ECF No. 5 at 1-2. Other than identifying defendant Kernan as the person who supervises prison officials at the CDCR, plaintiff does not make any direct allegations against defendant Kernan. Instead, he asserts only that the CDCR, under the instructions of the Alhadeff/Fox group, intercepted all of his mail and prevented him from obtaining employment in the prison as part of the plot to sabotage his direct appeal. Id. at 6-7, ¶¶ 29-31. Consequently, all claims against defendant Kernan must be dismissed.

C. Prosecutors and Private Attorneys

Plaintiff's allegations against the various prosecutors and private attorneys fail to state claims for relief. With respect to district attorneys Alhadeff and D'ver, the majority of plaintiff's claims make general allegations against the Alhadeff/Fox group as a collective and not against Alhadeff and D'ver individually; they are therefore insufficient to allege the necessary personal participation by these defendants. Though plaintiff does asserts more specific allegations against Alhadeff, those allegations relate to Alhadeff's conduct in prosecuting plaintiff for various

6

crimes. Alhadeff enjoys absolute immunity from damages claims arising from such conduct. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (immunity applies even where prosecution is maliciously initiated or the prosecutor engages in wrongful conduct (citing Imbler, 424 U.S. at 430)). To the extent plaintiff makes allegations unrelated to Alhadeff's role as a prosecutor, they do not rise to the level of any constitutional violation. Amendment would be futile given the long-expired statute of limitations.

Plaintiff also fails to state claims for relief against any of the various defense and divorce attorneys he identifies. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added) (citations omitted). Privately-retained attorneys do not act under color of state law for purposes of section 1983 actions. Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) (citations omitted). Moreover, as addressed below, plaintiff has not sufficiently alleged that these putative defendants were engaged in a conspiracy with state actors. See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (private individual may be a state actor if acting in concert with state officials and joint action can be shown by proving the existence of a conspiracy). Furthermore, potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

        D. Conspiracy

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (citing Coverdell v. Dep't of Soc. and Health Servs., 834 F.2d 758, 769 (9th Cir. 1987)). General conclusory allegations will not suffice. Id. Allegations must show an actual deprivation of constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (citation omitted). A plaintiff is not required to show that each conspirator knew "the exact parameters of the plan," but is required to show that they "at least share[d] the general conspiratorial objective." Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983) (citation omitted).

Plaintiff asserts that a variety of public and private attorneys and the CDCR were working in concert to harass him, manipulate his divorce and child custody cases, wrongfully convict him, and sabotage his direct criminal appeal. However, his allegations of conspiracy are vague and conclusory, and there are no facts from which it can be inferred that any of the individuals he discusses were working in concert. Accordingly, plaintiff's conspiracy claim fails and must be dismissed.

V. Scope of Section 1983

State prisoners may not attack the validity of the fact of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence").

Here, plaintiff's section 1983 complaint primarily addresses the validity of his incarceration. Plaintiff asserts that he was "falsely arrested, fraudulently convicted, and falsely imprisoned for life." ECF No. 5 at 7, ¶ 31. He also asserts that defendants preserved his wrongful conviction by denying his access to post judgment courts and requests that he be removed from CDCR custody. Id., ¶¶ 31, 33. To the extent plaintiff may be attempting to challenge the validity of his conviction and seek release from CDCR custody, the appropriate remedy for such a claim is a petition for a writ of habeas corpus.

VI. Relief Requested

The only other relief plaintiff requests is the "appointment of an attorney, tasked with circumventing the corrupt opposition to plaintiff having meaningful access to the courts and entitled relief" and "an investigation by the FBI of the herein described under color of law, organized criminal scam carried on by LGBT attorneys." Id. at 7, ¶ 32, 34. It is unclear whether plaintiff is requesting an attorney to help him with his post-judgment actions related to his criminal case, or for an attorney in the instant case. Nevertheless, both are unavailable. While the court can appoint counsel to represent a plaintiff in a civil action, plaintiff has not established that appointment of counsel is warranted in this case. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (plaintiff has burden of establishing exceptional circumstances exist that warrant

appointment of counsel). Plaintiff's request for the court to order the FBI to investigate is also inappropriate since the court does not direct FBI investigations.

VII. No Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile due to the untimeliness of the complaint. The complaint should therefore be dismissed without leave to amend.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed without leave to amend because you have not provided enough facts to state claims against the only named defendant, or any of the other individuals you have identified, and even if you could add more facts to state a claim, the complaint is very untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

9

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's first amended complaint be dismissed as untimely and for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE